(119 P.3d 666)

No. 93,053

THE TRAVELERS INDEMNITY COMPANY OF ILLINOIS, *Appellant,* v.
CHALLENGER FENCE CO., INC., *Appellee.*

Opinion filed August 5, 2005.

*J. Brock Rowatt* and *Daniel S. Rabin,* of Overland Park, for appellant.

*Cynthia F. Grimes,* of Grimes & Rebein, L.C., of Lenexa, and *Thomas M. Franklin,* of Law Offices of Thomas M. Franklin, of Kansas City, Missouri, for appellee.

Before ELLIOTT, P.J., MARQUARDT and MCANANY, JJ.

MCANANY, J.: The Travelers Indemnity Company of Illinois (Travelers) appeals from the district court's judgment in its favor against Challenger Fence Company, Inc., (Challenger). Travelers claims the judgment was inadequate to compensate it for the premium it was due on an insurance policy it issued to Challenger. Finding no error by the district court, we affirm.

Travelers issued its workers compensation and employers liability policy to Challenger for the period June 15, 2000, to June 15, 2001. The premium was based upon the following formula contained in the policy:

"C. Remuneration

"Premium for each work classification is determined by multiplying a rate times a premium basis. Remuneration is the most common premium basis. This premium basis includes payroll and all other remuneration paid or payable during the policy period for the services of:

"1. All your officers and employees engaged in work covered by this policy; and

"2. All other persons engaged in work that could make us liable under Part One (Workers Compensation Insurance) of this policy. If you do not have payroll records for these persons, the contract price for their services and materials may be used as the premium basis. This paragraph 2 will not apply if you give us proof that the employers of these persons lawfully secured their workers compensation obligations."

The employees of Challenger described in paragraph C. 1. were generally carpenters, salespersons, and clerical workers. This suit involves persons—here, subcontractors of Challenger—whom Travelers claims should have been counted in the premium calculation under paragraphs C. 1. or C. 2.

Challenger paid $3,511 as the estimated policy premium when it first purchased the policy. The exact premium for the policy was to be calculated retroactively based upon an audit conducted by Travelers at the end of the policy period. Following the audit, Travelers issued to Challenger a premium adjustment notice which Challenger disputed. Challenger contended that the calculation included Terry Schmidt, Todd Navinsky, and Robert Libel, who were independent subcontractors and not Challenger employees. When it was apparent that Travelers and Challenger could not agree on

the premium, Travelers sued Challenger. At trial, the court ruled that Schmidt and Navinsky were subcontractors who should be excluded from the premium calculation. The court entered judgment in favor of Travelers in the amount of $3,437. Travelers appeals.

### The Premium Calculation

Travelers claims the court erred in excluding Schmidt and Navinsky from the premium calculation. Challenger claims they were independent subcontractors not covered by the policy. Interpretation of the Travelers policy is an issue of law which we review de novo. *Unrau v. Kidron Bethel Retirement Services, Inc.*, 271 Kan. 743, 763, 27 P.3d 1 (2001). If the terms of the policy are plain and unambiguous, we will look to the policy itself to determine its meaning and the intention of the parties. *Zukel v. Great West Managers, LLC*, 31 Kan. App. 2d 1098, 1101, 78 P.3d 480, *rev. denied* 277 Kan. 928 (2003). Since the policy relates to workers compensation coverage, we must also look to pertinent provisions of the Kansas Workers Compensation Act, K.S.A. 44-501 *et seq.*, and cases applying them. Finally, we evaluate the trial court's findings of fact to determine if there is substantial evidence to support them.

An employee for purposes of workers compensation is "any person who has entered into the employment of or works under any contract of service or apprenticeship with an employer . . . [except for] individual employers . . . or self-employed persons." K.S.A. 2004 Supp. 44-508(b). In a workers compensation case, an employee-employer relationship exists when the employer has the right to control and supervise an alleged employee's work, the right to direct the manner of performance of the work, and the right to direct the result to be accomplished. *Anderson v. Kinsley Sand & Gravel, Inc.*, 221 Kan. 191, 198, 558 P.2d 146 (1976). An independent contractor, on the other hand, contracts to do work according to his or her own methods, without being subject to the control of the hiring authority, except as to the results of the work. *Falls v. Scott*, 249 Kan. 54, 64, 815 P.2d 1104 (1991).

The various factors the court should consider in resolving this issue are set forth in the Restatement (Second) of Agency § 220(2) (1957), and are spelled out in *Knorp v. Albert*, 29 Kan. App. 2d 509, 514, 28 P.3d 1024 (2001). However, as noted in *McCubbin v. Walker*, 256 Kan. 276, 281, 886 P.2d 790 (1994): "The single most important factor in determining a worker's status as an employee or independent contractor is whether the employer controls, or has the right to control, the manner and methods of the worker in doing the particular task."

Challenger presented testimony at trial that it did not control Schmidt or Navinsky or monitor their daily work hours while on any particular job. Challenger did not pay taxes, unemployment insurance, disability insurance, or provide other benefits to either Schmidt or Navinsky. Challenger did not set their work hours, nor did it provide them with tools, company vehicles, or other company workers to assist them in their work. Neither Schmidt nor Navinsky was paid W-2 wages. Challenger used them as subcontractors to do piece work as needed and solicited bids from them for the work.

Travelers claims Schmidt's testimony on these matters at trial was unreliable and should be disregarded. However, we do not determine the credibility of witnesses. *State ex rel. Morrison v. Oshman Sporting Goods Co. Kansas*, 275 Kan. 763, 775, 69 P.3d 1087 (2003). There was substantial evidence to support the district court's finding that Schmidt and Navinsky were independent contractors and not employees covered by paragraph C. 1. of the policy.

Travelers argues that even if Schmidt and Navinsky were not employees for purposes of premium calculation under paragraph C. 1. of the policy, they should still be counted under paragraph C. 2. because they were "persons engaged in work" for whom the workers compensation coverage of the policy could apply. Travelers relies on K.S.A. 44-503(a) for support of this proposition. However, this subsection of the statute concludes with the provision: "For the purposes of this subsection, a worker shall not include an individual who is a self-employed subcontractor." K.S.A. 44-503(a). Since that was the status of Schmidt and Navinsky, K.S.A. 44-503(a) does not bring them within the aegis of paragraph C. 2. of

the policy. Further, because Schmidt and Navinsky were self-employed and there was no evidence they employed others, they were not subject to the Workers Compensation Act at all and, therefore, did not expose Travelers to any potential liability for workers compensation benefits under the policy. See K.S.A. 44-505.

*Hearsay*

In the course of negotiating the premium amount, Challenger provided to Travelers notarized statements from Schmidt and Navinsky. At trial these statements were admitted not to prove the truth of their contents but rather to show that Challenger had complied with requests for documentation from Travelers in an effort to resolve the premium dispute. Travelers claims, however, that once the documents were admitted, the district court erred by treating their contents as substantive evidence, thereby rendering the statements inadmissible hearsay. To support this contention, Travelers notes the comment by the district court in its ruling that it was taking out of the premium calculation "the two that have provided the notarized statements." This does not establish, or even suggest, that the district court relied upon the contents of the statements. This was simply the court's way of identifying Schmidt and Navinsky about whom there was substantial evidence of their independent contractor status.

Travelers argues that the district court must have relied on the substance of the statements in order to determine that Schmidt and Navinsky had otherwise secured their own workers compensation obligations. This does not follow. Schmidt and Navinsky had no obligation to secure other workers compensation coverage since no evidence was presented that they had employees for whom they might be liable for workers compensation benefits. Paragraph C. 2. of the policy extended Challenger's premium obligation to "[a]ll other persons engaged in work that could make us liable under Part One (Workers Compensation Insurance) of this policy." The requirement that Challenger give Travelers "proof that the employers of these persons lawfully secured their workers compensation obligations" arises only if "these persons" could expose Travelers to liability under the policy. Since Schmidt and Navinsky

presented no such exposure for Travelers, Challenger had no duty to prove that they had their own coverage. Thus, it does not follow that the district court had to consider the substance of the statements admitted into evidence in order to come to the conclusion that no premium was due under the policy for Schmidt and Navinsky.

*Prejudgment Interest*

Finally, Travelers argues that the district court erred in failing to award prejudgment interest from March 11, 2002, pursuant to K.S.A. 16-201. We review the failure to award prejudgment interest using the abuse of discretion standard. *Varney Business Services, Inc. v. Pottroff*, 275 Kan. 20, 44, 59 P.3d 1003 (2002). The key requirement for prejudgment interest is for money to become due. The lack of a readily identifiable liquidated sum and the lack of a clear explanation of the significance of the claimed March 11, 2002, date suggest why the district court was silent on the issue of prejudgment interest. Travelers fails to demonstrate that the district court abused its discretion in this regard.

Affirmed.